**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IDANIA RODRIGUEZ IZQUIERDO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1891-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner, Ms. Idania Rodriguez Izquierdo, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 9] recommending this Court grant in part Petitioner's Petition and order Respondents to provide Petitioner with a prompt bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed an Objection [Doc. No. 10], triggering de novo review of those portions of the Report to which a specific objection is made.[1] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents acknowledge that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls this matter.[2] The Court agrees with Judge Stephens's finding that Petitioner's detention is pursuant to § 1226(a). The

---

[1] Petitioner did not file an Objection.

[2] Respondents state they do not waive their argument that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) and thus is not entitled to a bond hearing. [Doc. No. 10 at 1.]

Court further agrees that the proper remedy is an individualized bond hearing under § 1226(a). *See id.* at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").

Respondents further state they do not object to Judge Stephens's recommendation that this Court refrain from considering Ms. Izquierdo's due process claims. Ms. Izquierdo has not objected to this finding either, and the Court agrees. It will not address her due process claims.

Ten days after objecting to the R&R, Respondents informed the Court that an Immigration Judge ordered Ms. Izquierdo removed from the United States [Doc. No. 11]. As such, they argue, her detention is now mandatory under 8 U.S.C. § 1231(a)(2)(A). But mandatory detention under § 1231(a)(2)(A) only begins once a removal order becomes "administratively final," *Id.* at § 1231(a)(1)(B)(i), which doesn't occur until[3] the BIA dismisses an appeal, a noncitizen waives the appeal, or the time period allotted for that appeal expires. 8 C.F.R. § 1241.1(a–c). Respondents admit that Ms. Izquierdo "reserved her right to appeal," and the time for filing an appeal has not yet expired.[4] Therefore, Ms. Izquierdo's statutory argument for a bond hearing is not moot because her removal order is not "administratively final." § 1231(a)(1)(B). So § 1231's mandatory detention period

---

[3] There are other events that cause removal proceedings to become final; they aren't relevant here. 8 C.F.R. §1241.1.

[4] *See* https://acis.eoir.justice.gov/en/ (providing that Ms. Izquierdo's due date for an appeal with the BIA is October 8, 2026).

has not yet begun. *Id.* The Court therefore GRANTS Ms. Izquierdo's Motion to Adopt the R&R [Doc. No. 12].[5]

Accordingly, the Court ADOPTS Judge Stephens's Report and Recommendation. The Court GRANTS in PART the Petition for Writ of Habeas Corpus [Doc. No. 1] and Respondents are directed to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release her if she has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 25th day of September, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

[5] Though styled as a Motion to Enforce the Court's Order, Doc. No. 12, the Court construes Ms. Izquierdo's motion instead as a motion to adopt the R&R because the Court hasn't, until today, ordered Respondents to provide her with a bond hearing. *See Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). The proper remedy, however, is still a bond hearing, and not immediate release, for the reasons provided in Judge Stephens's R&R.